## CHURCH v. COLE.

REAL ESTATE, RECOVERY OF.—*Contract of Purchase.*—In an action for the possession of real estate, the defendant answered, that on the 15th day of March, 1863, he purchased the land in controversy from A., who resided, as did also the defendant, in the State of New York; that the conditions of the purchase were, that the defendant was to go to Indiana and examine the land, and if he was pleased with it, he was to take it at two thousand dollars, having sufficient time to make the money from the land, paying in the interval interest annually at the rate of seven per cent.; that after a sufficient amount was paid to secure A., defendant was to receive a conveyance and execute a mortgage for the balance of the purchase-money; that defendant entered into possession of the land under said contract, and has ever since remained and still continues in peaceable possession of the same, and has made lasting and valuable improvements on the same; that afterwards, about July, 1865, A. conveyed the land to B., who had full knowledge of defendant's purchase and possession and took said deed only to aid defendant to carry out his contract, and with the agreement that he, said B., would pay the money to said A. for defendant and hold the land on the same conditions that it had been held by A. under his contract with the defendant, receiving one hundred and twenty dollars for his trouble and interest on the entire sum advanced by him, until repaid by defendant; that B. did so advance the money due A., being twenty-two hundred and eighty dollars, and on the 6th day of November, 1866, received under said agreement and as interest, one hundred dollars, and on the 26th day of November, 1867, two hundred dollars as such interest, and on the 30th day of March, 1868, seventy-eight dollars and eighty-five cents as

Church *v.* Cole.

further interest; and said B. has never demanded the payment of the princi-pal, but on the 25th day of June, 1868, the defendant tendered to B. five hundred dollars as payment on the principal, which B. refused; that defend-ant has been ever since and now is ready to comply with his contract; that at the time of the conveyance to B. the land was worth four thousand dollars; that on the 8th day of May, 1868, B. conveyed the land to C., the plaintiff, who had full knowledge of all the facts, and who executed a mortgage to B. for two thousand two hundred and seven dollars and fifty cents; that said land is worth six thousand five hundred dollars; and defendant asked that B. should be made a party, and on payment of the sum due him according to the contract, should convey the land to the defendant, and that the deed to C. and mortgage to C. be declared void.

*Held*, that the paragraph was sufficient.

SAME.—*Mortgage in Equity.*—The defendant filed a second paragraph of an-swer, alleging that in July, 1865, he was indebted to A. in the sum of two thousand two hundred and eighty dollars, as purchase-money for the said land, for which he had received no deed; that B. agreed to, and did advance by way of loan to the defendant said sum, and defendant paid the same to A. who thereupon executed a deed of conveyance to B., who agreed to hold said title as a mortgage to secure his loan to the defendant, and agreed to receive interest upon said sum and one hundred and twenty dollars for his trouble and to give reasonable time to defendant to pay said sum so advanced, or to sell said land to raise the money to repay said loan; that he subsequently re-ceived said payment for his trouble and various sums as interest; and defend-ant, on the 25th day of June, 1868, tendered to B. five hundred dollars, as a payment, which he refused to receive, and executed a deed to C., who had full knowledge of all the facts; and defendant prayed that the deed might be declared void, and a conveyance by B. to the defendant ordered on payment of amount due from defendant.

*Held*, on demurrer, that this paragraph was good.

SAME.—*Trust.*—A third paragraph alleged the contract of purchase from A.; that B. took the title as a trustee for the defendant, and received payment for his trouble and interest on the money advanced; and that he conveyed to C., who had full knowledge of the trust.

*Held*, that this paragraph was good on demurrer.

APPEAL from Elkhart Circuit Court.

PETTIT J.—This was a suit for the possession of real estate and damages for its detention. The complaint was in the usual and proper form. The defendant answered in three paragraphs, as follows:

" Comes now the defendant, and for answer to plaintiff's complaint, says that on the 15th day of March, 1863, the defendant, at Monroe county, State of New York, purchased

the land mentioned in plaintiff's complaint, of Alvah Benedict, who heretofore was the owner of the same, said Benedict and defendant being then both residents of said State of New York, said purchase being upon the conditions following, to wit : that defendant was to come to Indiana and look at said land, and if he liked it, was to take possession thereof as his own, and was to pay said Benedict therefor two thousand dollars, for the payment of which said Benedict was to give the defendant sufficient time to make the amount due from the farm, and defendant was to make payment at such times and in such amounts as he could from the proceeds of such land; and until the purchase-money should be paid, defendant was to pay said Benedict interest on the amount due, at the rate of seven per cent. per annum, payable annually; and upon payment of a sufficient amount of the purchase-money, so that Benedict would be secure, he (Benedict) was to convey the said land by deed to defendant, taking a mortgage back on the same from defendant, to secure the payment of the balance due; that under, and in pursuance of said purchase, the defendant took possession of said land as his own, and was put into such possession thereof by said Benedict, and has ever since had, and now has, exclusive and uninterrupted possession thereof, and has all of said time lived thereon with his family, and farmed and used the same as his own, and has made lasting and valuable improvements on the same; that afterward, to wit, about the 1st day of July, 1865, and while defendant had possession of said land as aforesaid, the said Benedict conveyed by deed said land to Alfred Wright, who had at that time full knowledge of said possession and purchase of this defendant, and took and received said deed for the purpose only of aiding the defendant in carrying out his said contract of purchase with said Benedict, and upon these conditions, that he (Wright) should take the legal title of said land from said Benedict, upon the same terms, and stand toward defendant in the same relation that Benedict had heretofore occupied; and in furtherance of said

contract of purchase, between said defendant and said Benedict, and for no other purpose, said Wright advanced for defendant the amount then due from defendant to Benedict, to-wit, the sum of twenty-two hundred and eighty dollars, said Benedict then waiving all objection to the non-payment of interest to him by defendant as it had theretofore become due, which amount of twenty-two hundred and eighty dollars defendant was to thereafter pay to said Wright instead of to said Benedict, together with the further sum of one hundred and twenty dollars for said Wright's expenses and trouble in obtaining said conveyance to himself, and the interest on the whole sum; and in compliance with said contract of purchase, defendant did on the 6th day of November, 1866, pay to said Wright, one hundred dollars as interest on said purchase-money, and also on the 26th day of November, 1867, did pay the further sum of two hundred dollars as such interest, and on the 30th day of March, 1868, the further sum of seventy-eight dollars and eighty-five cents, as such interest, all of which was taken and received by said Wright as such interest; that said Wright has never demanded the payment of the principal so due him, but that on the 25th day of June, 1868, the defendant tendered and offered to pay said Wright the further sum of five hundred dollars on the principal of said purchase-money, which said Wright then and there refused to take and receive; that defendant is yet, and ever has been, ready and willing to comply with and fulfil the terms of said contract of purchase. That said land at the time of conveyance thereof to Wright, as aforesaid, was of the value of four thousand dollars; that afterward, to wit, on or about the 8th day of May, 1868, said Wright, in violation of said contract of purchase, and while the defendant was in possession as aforesaid, executed a deed of said land to the plaintiff, which is the pretended title by which he claims to recover the same in this suit; that the plaintiff, at the time he took said deed, gave back and executed to said Wright a mortgage on said lands for the sum of twenty-two hundred and seven dollars and fifty cents,

and at said time had full knowledge of the possession and purchase thereof as aforesaid, by the defendant; that at the time said last mentioned deed was executed, and now, said land was and is worth six thousand five hundred dollars. Wherefore the defendant prays the court that said Alfred Wright may be made a party hereto, and be decreed to receive payment of said purchase-money, according to the terms of said contract, and upon payment, to convey said land to the defendant; and that said mortgage and deed to the plaintiff be decreed to be void, and be cancelled and annulled.

"Second. And for second and further answer to plaintiff's complaint, defendant says that on or about the 1st day of July, 1865, the defendant was indebted to Alvah Benedict in the sum of twenty-two hundred and eighty dollars, it being the purchase-money for the real estate mentioned in plaintiff's complaint, which the defendant had theretofore purchased from said Benedict, but for which a deed had not yet been executed by him to the defendant; that on said day it was agreed by and between said Alfred Wright and the defendant, that said Wright should advance for and loan to the defendant, said sum of twenty-two hundred and eighty dollars upon the following terms: that said sum of twenty-two hundred and eighty dollars should be paid to said Benedict in extinguishment of the said debt of defendant to him, and that Wright should receive and take a deed of the said lands in his own name from said Benedict, to be held as a mortgage to secure the repayment of said sum of twenty-two hundred and eighty dollars to him, said Wright; that defendant should have time, until he was able to make such repayment off of the proceeds of said lands, and in the meantime to pay said Wright interest on said sum so loaned to defendant by said Wright, and if defendant could not repay said sum of money so loaned to him by said Wright, in a reasonable time, the defendant should have the right to sell said lands, and out of the proceeds thereof to pay said Wright the balance that might be due him; that in pursuance of said

contract and agreement, said Wright did upon said day loan to defendant said sum of twenty-two hundred and eighty dollars, and defendant .paid the same to said Benedict, in extinguishment of his said debt to him,.and said .Benedict executed a deed of said lands to said Wright, to be held by him as said mortgage security, and in no other way; which deed was taken and received by said Wright as said mortgage, and in no other way; and also to secure to said Wright the further sum of one hundred and twenty dollars as payment for Wright's expenses and trouble in obtaining said deed, and furnishing said money; making in all the sum of twenty-four hundred dollars, which defendant was on said day indebted to said Wright, and to secure the repayment of which, upon the terms aforesaid, said deed was to be so held as such mortgage by said Wright, and which he yet holds as such mortgage, and in no other way; that said land, at the time of the execution of said deed to said Wright, was of the value of four thousand dollars; that the defendant at the time of said agreement between himself and said Wright, and long prior thereto, was, and has been, and now is, in the exclusive, peaceable possession of said lands, as his own, living thereon with his family; and such possession has been uninterrupted, and continues until the present time, defendant having made lasting and valuable improvements on the same; that defendant on the 6th day of November, 1866, paid said Wright one hundred dollars, and on the 26th day of November, 1867, paid him the further sum of two hundred dollars, and on the 30th day of March, 1868, paid him the further sum of seventy-eight dollars and eighty-five cents; all of which was paid by defendant, and received by said Wright, as interest on said sum so loaned defendant by Wright; and that on the 25th day of June, 1868, defendant tendered to and offered to pay said Wright the sum of five hundred dollars on the principal of said debt owing by him to said Wright, which said Wright refused to accept; that said defendant has not been able to pay said Wright his said debt, any further or sooner than he has as above set forth

offered to do; and said Wright has never asked or demanded the repayment to him of said money from said defendant; that about the 8th day of May, 1868, said Wright and wife executed a deed of the said lands to the plaintiff herein, who had full knowledge of said possession thereof by the defendant, and of the said agreement between the defendant and said Wright; which deed is the pretended title by which the plaintiff claims to recover in this action; and at said last mentioned day said plaintiff executed a mortgage upon said lands to said Wright for the sum of twenty two hundred and seven dollars and fifty cents; that said land, at the time of the execution of said deed to the plaintiff, was, and is now, worth six thousand five hundred dollars; that defendant is now, and has ever been, ready and willing to fulfil in all respects the terms of his said agreement with said Wright; wherefore defendant prays that said Wright be made a party hereto; that said deed to said Wright be decreed to be a mortgage, to be held by said Wright as security for the repayment to him of such sums of money as may be due him from defendant, and in no other right; and that the said deed to the plaintiff herein, and the mortgage executed by him to said Wright, be decreed to be null and void, and be cancelled and annulled, and for other proper relief.

"Third. And for third and further cause of defense to plaintiff's complaint, defendant says that the right by which plaintiff claims the recovery of the lands mentioned in his complaint is derived by and through a deed for the same, executed by Alfred Wright to him; that said Wright, at the time of the execution of said deed, and prior thereto, had and held the legal title to said lands as the trustee of this defendant, who was then, and is now, the real owner of the same; that the consideration for said lands was paid by this defendant to Alvah Benedict, who then held the legal title thereto, and from whom defendant had theretofore purchased said lands; and the deed therefor was then taken by Wright, in his own name, from said Benedict, under an agreement theretofore made by and between said Wright and defendant,

without any fraudulent intent, that Wright should hold the legal title to said lands as the trustee of this defendant, and convey the same to him (defendant), upon the payment to said Wright of twenty-four hundred dollars, for which amount the defendant was then indebted to him; that said money was to be paid to said Wright at such times and in such sums as should be found convenient for defendant to pay from the proceeds of said farm, in the meantime the defendant paying interest to said Wright on such sums as should remain unpaid; and that in case the defendant desired to sell said farm at any time, said Wright should convey the land to the purchaser upon payment to him (Wright) of the amount that might be due from defendant; that at the time said land was so conveyed to said Wright, it was of the value of four thousand dollars, and at the commencement of this suit, and now, the same is of the value of six thousand dollars; that ever since the said conveyance to said Wright, the defendant has been in the exclusive and uninterrupted possession of said land as his own, living thereon with his family, farming and cultivating the same, and has made lasting and valuable improvements upon said farm, and was in such possession thereof at the time said Wright executed the deed to plaintiff, by which he claims the recovery of said lands in this suit, which deed was executed by said Wright in violation of said trust; that defendant, in pursuance of said agreement with Wright, paid him on the 6th day of November, 1866, one hundred dollars, and on the 26th day of November, 1867, the further sum of two hundred dollars, and on the 30th day of March, 1868, the further sum of seventy-eight dollars and eighty-five cents, all of which sums were so paid by defendant and received by said Wright as interest on the said twenty-four hundred dollars due him from defendants; that said Wright has never demanded the payment of the principal of said sum due him from defendant, but defendant offered, on the 25th of June, 1868, to pay him thereon the sum of five hundred dollars, which he refused to accept; that defendant has been

unable to pay said Wright, from the proceeds of said farm, any faster than he has so offered to do; that at the time the plaintiff received said deed from said Wright, he executed a mortgage of said premises to Wright for the sum of twenty-two hundred and seven dollars and fifty cents, which is now of record an incumbrance thereon; wherefore the defendant asks that said Wright be made a party hereto; that said deed from Wright to the plaintiff and the mortgage from plaintiff to Wright be decreed void and cancelled and annulled; and that said Wright be decreed to hold the said lands in trust for defendant under said agreement; and for other proper relief."

A separate demurrer was filed to each paragraph of this answer, which was overruled and exception taken. A reply of general denial was then filed to the answer. Verdict for the defendant (appellee), with the following questions to, and answers of, the jury, was returned: 1st. "State the whole terms, in every particular, of the contract or agreement (if any there was) made between Benedict and defendant, Cole, in relation to the purchase or sale of the lands in suit." Answer: "Mr. Benedict offered Cole said land if he, Cole, would pay Benedict the sum of two thousand dollars. Cole would pay seven per cent. interest on principal, and about one hundred and fifty dollars per annum, if Cole could make it off of the farm; and if Cole could not make the payment, Benedict would give Cole further time. Cole took possession and held said land under said contract."

2d. "State the whole terms, in every particular, of the contract (if any there was) made by Wright and Cole, at or before the time of making the deed by Benedict to Wright, and when and where the same was made." Answer. "The agreement made between Cole and Wright was at Wright's house in June, 1865. Wright agreed to let Cole have the money to pay Benedict for the same, and Wright agreed to give Cole a reasonable time to pay it, if he would pay the interest. And Cole was to secure Wright on the land."

3d. "Whose money was paid by Wright to Benedict for

the farm in suit?" Answer. "Wright's money was paid to Benedict for Cole."

4th. "What contract (if any was made) was there between Wright and Cole, before the deed was made by Benedict to Wright, as to said deed being a mere mortgage or security? State fully every particular in relation to the deed being a mere mortgage or security." Answer. "There was no contract between Wright and Cole, as to how Wright was to be secured, only that Wright was to be secured for the payment of the money on the land."

5th. "State whether or not the contract or arrangement between Wright and Cole (if any there was) was of such a character as that Cole could have his choice, either to pay Wright back the money which he paid to Benedict for the land, or to abandon said land to said Wright." Answer. "No agreement by the parties, for Mr. Cole to abandon the farm."

6th. "Did Alvah Benedict and the defendant, Cole, abandon the contract or agreement (if any there was), existing between them, for the purchase of said land in controversy, before the arrangement entered into between Wright and Cole?" Answer. "No."

There was a motion by the plaintiff for judgment in his favor on these answers, notwithstanding the general verdict, which was overruled; and we approve of this ruling; for there was no substantial difference between these special findings or answers and the general verdict. There was a motion asking the court to require the jury to make the answer to the fourth interrogatory more full and explicit. Without ruling as to whether the first, second, and fourth questions were proper, under the code, we hold that the answer to the fourth interrogatory was reasonably full and explicit, and that the court committed no error in overruling this motion. A motion was made for a new trial for the statutory, and some unstatutory, reasons, which was overruled, and exception taken, and judgment rendered on the verdict. This was not error.

The errors assigned are thirteen, but they all arrange themselves, or are comprehended under, three.

1. The overruling the demurrers to the answer.

2. The overruling the plaintiff's motion for judgment for him, notwithstanding the general verdict.

3. The overruling the plaintiff's motion for a new trial. Under these heads all the assignments fall. We hold that the answer was a good defense to the action, and that the demurrers to each paragraph were properly overruled.

We have carefully examined the evidence, all of which is in the transcript, and are clearly of the opinion that it was all admissible under the issues formed, and fully warrants the verdict, and that there was no error in admitting any part of it. We have above disposed of the question arising under the second assignment of errors, to wit, that of asking a judgment for the plaintiff on the answers to interrogatories, notwithstanding the general verdict.

The instructions given by the court to the jury were as follows:

"This is an action brought by the plaintiff against the defendant, to recover a farm described in the complaint. It is admitted that the plaintiff has a regular paper title to the land, but the defendant denies that the plaintiff is the owner of the land in equity, and claims that in equity the defendant is the owner of the land, and that by law he is entitled to set up his equitable title as a defense to the plaintiff's action; and therefore the question which you are to try is whether the defendant has made out his alleged equitable defense; and if you find that he has not made out his equitable defense, your verdict should be for the plaintiff. The defendant, Cole, alleges as an equitable defense to said action, that on the 15th day of May, 1863, one Alvah Benedict, of the State of New York, was the owner of the land in controversy; that at that time said Benedict made a parol contract with defendant Cole, by which he agreed to sell to said defendant, for the sum of two thousand dollars, said land; that the defendant was to take possession of said land, and live on the same

as his own; that he was to have time to pay for said land by making the money from said farm; that said defendant went into possession of said land, and cultivated said land, and made beneficial improvements on said land; that said possession was taken in pursuance of said parol contract, and with the consent of said Benedict; that said plaintiff has remained in possession of said land from the time he took possession of the same until this time, all the time claiming to be the equitable owner of said land; that a short time prior to the first day of July, 1865, and while the defendant was in the possession of said land, the said Benedict became desirous to get his pay for said land from said defendant, and insisted that said defendant should give the possession of said land to him, or pay him for the same according to the parol contract. The defendant, Cole, was without means to pay the purchase-money for said land; he then applied to one Wright to loan him the money to pay said Benedict for said land; that said Wright agreed to furnish the money to pay the amount due said Benedict on said land, and that he would wait on said Cole, and give him further time, by Cole paying interest, and that he would take a deed from said Benedict for said land, and hold the same as a security for the money he should pay said Benedict; that on this arrangement, said Wright paid to said Benedict the amount going to him for said land, the amount of principal and interest then due said Benedict for said land being about twenty-two hundred and eighty dollars, on the first of July, 1865; that said Benedict then executed to said Wright a deed for said land at that date.

"It is further claimed that said Benedict did not pretend to sell said land to said Wright, nor did said Wright pretend to purchase said land; and that said Cole did not pretend to sell said land to said Wright, but that said Wright should advance and pay to said Benedict the amount due said Benedict for said land, according to the parol contract made between Benedict and Cole; that Wright was to hold the title as security for the money he so paid to said Benedict,

and that Cole was to pay Wright interest on the money so
paid to said Benedict, and that he was to have time to pay
Wright in payments the amount he so paid to said Benedict.
Defendant, Cole, further alleges, that after Benedict con-
veyed said land to said Wright, and before said Wright con-
veyed said land to said plaintiff, as heretofore stated, he paid
to said Wright, at different times, money to the amount of
three hundred dollars, and that said Wright received said
money in pursuance of the understanding that said Cole was
to pay said Wright the money he paid said Benedict on said
land, and did apply said payments on the interest of said
money so paid said Benedict by said Wright.

` " That afterward, and while the defendant was in possession
of said land, to wit, on the 8th day of May, 1868, said
Wright conveyed said land to the plaintiff; that said convey-
ance was made without the consent of the defendant, Cole,
and was made while the defendant was in full possession of
said land, and with the full knowledge on the part of the
plaintiff of the rights of the defendant.

"To the statements of the defendant so alleged, the plain-
tiff denies the same to be true, and he alleges that the con-
veyance made by Benedict to Wright was a purchase of the
land, and that it was so understood by defendant, Cole, at
the time; and that he, said Wright, did not agree to hold said
land and the title, under his deed, as a security for the money
he paid to said Benedict; that he, said Wright, did not
agree to hold said land for the benefit of said Cole, and did
not agree that said Cole might redeem the same; and that
said Wright never received any money of said Cole, to apply
as interest on the amount he paid to said Benedict. Whether
any of the alleged statements of said parties are true, or in
substance true, it is for you to determine. The Court gives
you the following special instructions upon the points of
law, deemed by the court to arise in the case:

" If you find that on the 15th day of May, 1863, one Ben-
edict was the owner of said land described in plaintiff's com-
plaint; that at the time he made a parol contract to sell and

convey said land to the defendant, Cole, for the sum of two thousand dollars, and that the defendant was to have time to pay for the same, by paying interest; that the defendant was to go into possession of said land as such purchaser, and that he did go into possession of said land in pursuance of said parol contract, and has made beneficial improvements on said land, and afterwards, while said defendant was in possession of said land, the said Benedict desired to have his pay for said land, and it was agreed between said Cole and one Wright that said Wright should advance the amount that was then due said Benedict on said land, and that said Benedict should convey said land directly to said Wright, and that said Wright should hold the title to said land as a security for the money so advanced and paid to said Benedict, and that said Cole should have the right to redeem said land; and said Wright did, in pursuance of such understanding and agreement, advance to said Benedict the amount due him on said land, and said Benedict did convey to said Wright said land; that said Cole desired said Benedict so to convey, and that said Benedict made said conveyance to said Wright in order to carry out the contract made between Benedict and Cole; the transaction, as between Benedict and Cole, is a compliance on the part of Benedict with the parol contract to convey said land; and as between Wright and Cole, the same is a mortgage on the part of Cole of said land to said Wright, and said Wright cannot set up said deed as an absolute conveyance. And if you further find that said Wright conveyed said land to said plaintiff, Church, and said plaintiff had notice of the nature of the title of said Wright, or you shall find that Cole was in possession of said land, claiming to be the owner, the plaintiff is bound to take notice of Cole's claim to the land, and your verdict should be for the defendant.

"If the jury find, from the evidence, that on the 15th day of May, 1863, one Alvah Benedict was the owner of said land in controversy, and at that time he made a parol contract with the defendant Cole to sell and convey to said Cole

said land for the sum of two thousand dollars; and that said land was to be paid for on time payments; and that said Cole was to have the possession of said land, and that in pursuance of said contract Cole took possession of said land under said parol contract; and that afterward, in May or June, in the year 1865, and while defendant was in possession of said land, and the payments had become due from Cole to Benedict, and Cole requested one Wright to pay to said Benedict the purchase-money due said Benedict for said land, and give him (Cole) time to pay him back said money, and if he (Cole) could not pay him back said money, he desired a chance to sell the land; and Wright afterward went and paid said Benedict the sum due from said Cole to said Benedict on said land, and said Benedict received the said money and executed a deed to said Wright for said land, which deed was executed on the first day of July, 1865; and you further find that after said Wright had procured a deed for said land by a loan from Wright to Cole; and that the deed from Benedict to Wright, as between Wright and Cole, was but a security in the nature of a mortgage; and said Cole paid said Wright money at different times to apply on account of the money so paid by said Wright to Benedict at defendant's (Cole's) request, and said Wright received the same, and did apply the same on the interest due him on account of said money so paid by him to said Benedict, and gave a receipt to that effect, he is now estopped from saying that Cole, at the time he paid said money to said Benedict, was not the equitable owner of said land; and by paying said money, at Cole's request, to Benedict, and afterward receiving interest on the same from Cole, he is estopped from saying that the money he paid Benedict was not a loan from him to Cole, and that he held said title as a security for the money he paid said Benedict, at Cole's request; and that the transaction, as between Cole and Wright, was, and you further find, that after said Wright received said deed from said Benedict, and after he had received payments or interest from said Cole on account of

the money he paid said Benedict at the request of said Cole, he conveyed said land to the plaintiff; and during all this time said defendant was in possession of said land, claiming the same as his own, the said plaintiff cannot be considered in law a purchaser without notice of Cole's right to the land, and your verdict should be for the defendant.

"If you find that on the — day of April, 1863, one Alvah. Benedict owned the land in controversy, and at that time he· made a parol contract to sell said land to the defendant Cole on time payments, and for the sum of two thousand dollars and interest; and the said Cole was to have possession of the same; and that in pursuance of said contract, Cole took possession of said land under said contract; and that afterward, in May or June, 1865, the purchase-money became due to said Benedict; and that said defendant Cole, being in possession of said land, and Cole being unable to pay for· said land, and abandoning all claim to said land, and so· informed said Wright, and authorized and directed said. Wright to deal with said Benedict as the full and complete· owner of said land; and said Wright did purchase said' land of said Benedict, and did pay him for the same, and did. take a deed for said land from said Benedict, and there was no agreement or understanding that said Cole was to have the right to redeem said land; and that said Cole and said. Wright have all the time since treated said Wright as the absolute owner of said land; and the said Cole had no right to redeem said land; in case you so find, your verdict will' be for the plaintiff. The court is the judge of the law; you· are the judge of the evidence. In determining the questions in the case you will carefully look at all the circumstances in the case, the situation of the parties, the manner· in which they have acted toward each other at the time of. the original transaction, as well as any subsequent conduct: of said parties. You will determine the case upon a preponderance of the testimony. The defendant must produce a preponderance of testimony, or the evidence in the case

Vol. XXXVI.—4

must satisfy you that the preponderance is on the side of the defendant, or else you must find for plaintiff."

These instructions were clearly right, and the court committed no error in giving them. A deed made under the circumstances shown in this case must be held and treated as a mortgage or security for money. *Slaughter* v. *Foust*, 4 Blackf. 379; *Watson* v. *Mahan*, 20 Ind. 223; *Russell* v. *Southard*, 12 How. U. S. 139; *Heath* v. *Williams*, 30 Ind. 495; *McBurney* v. *Wellman*, 42 Barb. 390; *Zimmerman* v. *Marchland*, 23 Ind. 474; *Murray* v. *Walker*, 31 N. Y. 399; *Griffin* v. *Coffey*, 9 B. Mon. 452; *Glidewell* v. *Spaugh*, 26 Ind. 319; *Boyd* v. *M'Lean*, 1 Johns. Ch. 582; *Davis* v. *Stonestreet*, 4 Ind. 101; 2 Washb. Real Prop. 490.

The motion for a new trial sets up, as one of the causes for it, that the defendant was allowed by the court to open and close to the jury, over the objection of the plaintiff; but it does not appear in the record that the objection was made, only as it is assigned as a cause for a new trial in that motion; nor is it raised or presented in the appellant's brief. The record not showing that the objection was in fact made, we cannot notice it. The plaintiff asked numerous instructions, but they were all directly the negatives of the instructions given, and often duplicates of themselves, and were properly refused by the court. Substantial justice has been done between the parties, and we cannot reverse the judgment for technicalities. 2 G. & H. 278, sec. 580.

The judgment below is affirmed, at the costs of the appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.

*H. D. Wilson* and *J. D. Osborn*, for appellee.