## COLE ET UX. *v.* WRIGHT ET AL.

VENDOR AND PURCHASER.—*Third Person Holding Title as Security for Purchase-Money Paid by Him.*—In 1863, A. bought certain land of B. by parol, received possession, agreeing to pay B. a certain sum with interest from the date of the purchase, no definite time being fixed for payment, and made lasting and valuable improvements. In 1865, B. having demanded payment, C. by agreement with A. paid the purchase-money to B. and paid the taxes, and received a conveyance of the land from B., agreeing to hold the title as his security for repayment by A. within a reasonable time from July 1st, 1863.
*Held,* that an action could not be maintained by C. to enforce his lien, without first tendering to A. a deed for the land, to be delivered upon payment of the amount due.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn,* for appellants.

*J. H. Baker* and *J. A. S. Mitchell,* for appellees.

DOWNEY, J.—The appellee Wright sued Samuel Cole and wife and William J. Church, alleging in his complaint the following facts:

That Samuel Cole, in 1863, purchased, by parol, of one Benedict certain real estate in Elkhart county, Indiana, and was put into possession thereof. The purchase-money agreed upon was two thousand dollars, to be paid with interest from

and after the purchase. · Cole continued in possession, and made lasting and valuable improvements. When the principal of the purchase-money was to be paid is not alleged. In 1865, Benedict demanded payment of Cole, who agreed with Wright to pay the amount for him, with expenses and taxes, and that Wright should take and hold the title to the land as his security. Accordingly, Wright paid Benedict, and he conveyed the land to Wright. It is alleged that the amount was to be paid in a reasonable time from July 1st, 1863. It is averred that a reasonable time has elapsed, and that the amount has not been paid; that Cole failed to pay the taxes on the lands, which were paid by Wright, and the date and amount of the several payments are stated; that in May, 1868, Wright sold his interest in the land to Church, and in August, 1869, Church reconveyed to Wright. Prayer for judgment against Cole for four thousand dollars ; that the same be declared a lien on said real estate ; that the court will foreclose the mortgage lien as against Cole and wife, and order the same sold, etc.

While Church claimed to own the land, he sued Cole for the possession, and failed to recover, on the ground that the transaction between Cole and Wright was in the nature of a mortgage or security for money only, and did not therefore entitle him, as the purchaser from Wright, to the possession. See the case reported in 36 Ind. 34.

Following the suggestion of that opinion, the present action has been brought, to enforce the lien of Wright.

The first question presented by the assignment of errors is as to the sufficiency of the complaint.

A question is discussed under another assignment of errors which is also applicable here, and that is, whether any action can be maintained by the plaintiff to subject the land to sale until after a tender of a deed and demand of the money.

The claim of Benedict, had he sued and sought to subject the land, would have been for specific performance of the contract of purchase made and partly performed by Cole, and for an enforcement of his vendor's lien. As he conveyed the fee in the land to Wright, and as he took the place of Benedict

for all practical purposes, it seems to us that, before Wright could sue for specific performance, and to enforce his lien, it was necessary that he should have tendered performance on his part, by offering to Cole a deed for the land, to be delivered upon payment of the purchase-money, etc. There was no definite time fixed for the payment of the purchase-money either in the contract between Benedict and Cole, or that between Wright and Cole. The acts were clearly intended to be concurrent and dependent acts, and neither party ought to sue without having tendered performance on his part. Sugden, in his work on Vendors, pp. 162, 163, says :

"A vendor cannot bring an action for the purchase-money without having executed the conveyance or offered to do so, unless the purchaser has discharged him from so doing. And, on the other hand, a purchaser cannot maintain an action for a breach of contract without having tendered a conveyance" (for execution) " and the purchase-money." And see *Mather* v. *Scoles,* 35 Ind. 1, and cases cited.

We need not examine the other questions made in the case.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.