## COLE *v.* WRIGHT.

SUPREME COURT.—*Failure to Demur or Move in Arrest.—Assignment of Error.—Waiver.*—A failure to demur or move in arrest of judgment does not waive the right to question the sufficiency of a complaint, for the first time, in the Supreme Court, by an assignment of error. But assignments of error in that court, questioning the sufficiency of each paragraph separately, amount only to a single assignment of error, questioning the sufficiency of the complaint as a whole; and, if any paragraph be sufficient, the insufficiency of any other paragraph will not avail to reverse the judgment below.

VENDOR AND PURCHASER. — *Parol Sale.* — *Specific Performance.* — *Lien for Purchase-Money and Taxes.* — *Limitations.* — *Demand* — *Tender.* — *Copy of Record of Deed not properly Acknowledged.* — *Legalizing Act.* - *Evidence.* — *Receipt.* — *Conveyance.* — *Mortgage.* — *Adverse Possession.* — In an action to enforce a lien against land for purchase-money and taxes, the complaint alleged that, about thirteen years prior to the commencement of the suit, the defendant had entered into possession of the land under a parol contract of purchase thereof from A., by which it was agreed that the vendor should retain the legal title in himself until the payment of the purchase-money, the time for which was not definitely fixed; that subsequently, the defendant having paid some interest only, A. tendered a sufficient conveyance to the defendant and demanded payment; that, at the request of the defendant, the plaintiff then and there paid to A., for the defendant, the purchase-money, and received a conveyance of the legal title as security for repayment, the time for which was not definitely fixed; that the defendant had retained possession and made valuable improvements, but had neither repaid the plaintiff, nor paid the taxes; that the plaintiff, to protect his lien, had paid said taxes; and that, about three months· prior to commencing the suit, the plaintiff had made and tendered to the defendant a sufficient conveyance, and demanded payment, all of which the defendant refused.

*Held,* on demurrer, that the plaintiff's cause of action did not accrue until he had made his demand and tender, and, therefore. the statute of limitations had not barred the action. WORDEN, J., dissented.

*Held,* also, a copy of the record of the deed from A. to the plaintiff being part of the complaint, that such copy was proper; and that the acknowledgment of the same in another State, before an officer having no seal, and the recording of the deed, were legalized by the statute of March 4th, 1875, Acts 1875, Reg. Sess., p. 61.

*Held,* also, that the plaintiff, in accepting such conveyance from A., stood simply in the position theretofore occupied by A , i. e., he held the legal title in fee-simple, as vendor, for security, while the equitable title was in the defendant, as vendee.

*Held,* also, that the record of such deed was competent evidence, as were, also, the treasurer's receipts for taxes paid by the plaintiff.

*Held,* also, that the defendant's possession was not adverse to the plaintiff.

SAME. — *Defence.* — *Fraud.* — It was not a sufficient answer in such case to allege that the plaintiff, in taking such conveyance from A.. had intended to defraud the defendant, such answer alleging also that the plaintiff had paid such purchase-money at the defendant's request.

SAME. — *Abandonment of Lien.* — It was not sufficient to answer in such action, alleging acts indicating an abandonment by the plaintiff of his lien, for he held the legal title, and not a mere naked lien, as security for repayment.

Cole *v.* Wright

SAME.—*Statute of Frauds.*—*Contract not to be Performed within a Year.*—The 5th clause of section 1 of the statute of frauds, relating to parol contracts not to be performed within a year, does not apply to contracts for the sale of real estate.

SAME.—*Counter-Claim.*—*Evidence.*—A paragraph of answer alleged the plaintiff"s denial of any title in the defendant, his sale and conveyance of the same to B., the bringing of a suit by the latter against the defendant, and that the latter had been put to great expense in defeating that suit.

*Held,* on demurrer, that such facts constitute no basis for a counter-claim.

*Held,* also, the defendant having put in evidence such deed of conveyance by the plaintiff to B., that it was competent to put in evidence B.'s reconveyance to the plaintiff.

From the Elkhart Circuit Court.

*J. D. Osborne* and *E. G. Herr*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.

HOWK, J.—In this action the appellee sued the appellant and Mrs. Samuel Cole, "whose first name is otherwise unknown to plaintiff," in a complaint of two paragraphs. In the first paragraph of his complaint the appellee alleged, in substance, that on or about the 3d day of July, 1863, one Alvah Benedict, a citizen and resident of Monroe county, New York, was the owner in fee-simple of the real estate in Elkhart county, Indiana, described as the west half of the north-east quarter and the east half of the north-west quarter, and the south-west quarter of the north-west quarter, of section 26, in township 38 north, of range 7, containing two hundred acres, more or less; that, on said last named day, the appellant, Samuel Cole, entered into an oral contract with said Alvah Benedict, for the purchase of said real estate; that, by the terms of said purchase, the appellant agreed to pay for said real estate the sum of two thousand dollars, but the time of payment was not definitely fixed, except that said appellant agreed to pay interest on said purchase-money at the rate of seven per cent. per annum, until it should be paid; and it was agreed, that when said sum was fully paid, the said Benedict would make him, the appellant, a deed of conveyance for said

land, said Benedict meanwhile holding the title as security; that, at the time of making said contract, the appellant and said Benedict both resided in Monroe county, New York; that, after said contract was made, the appellant, with his family, moved to this State and was put in possession of said real estate by said Benedict, and made some improvements thereon; that in June, 1865, the said Benedict, still holding the legal title to said real estate, and the appellant having failed to pay any part of said purchase-money, came from his residence in New York to this State, and demanded of the appellant payment of the purchase-money due on said real estate, in pursuance of said contract, and offered, on the receipt of such payment, to make a deed of said real estate to the appellant; that, the appellant failing and refusing to pay for said real estate, the said Benedict was about to institute proceedings to eject him therefrom; that thereupon the appellant requested the appellee to pay said Benedict the amount of said purchase-money and interest, due under said contract of purchase, and give the appellant further time to pay for said farm; that, being so requested by the appellant to pay the said purchase-money of said farm to said Benedict, and extend the time of payment to the appellant, at his request, and for the purpose of giving him further time to pay for said farm, the appellee paid to said Benedict the sum of twenty-five hundred dollars for said farm; that, at the time the appellee paid said sum of money, he took and received from said Benedict a deed of conveyance to himself, in fee-simple, of said real estate, upon no other agreement between him and the appellant than that he should hold said land as security, until the appellant should pay him the amount of said purchase-money, and the appellee agreed to hold the legal title to said land, as such security; that, ever since said last named day, the appellant had contin-

uously resided on said land, and enjoyed the rents and profits thereof, having paid the appellee, from time to time during ten years, about two hundred and fifty dollars as interest on the purchase-price of said farm; that, after the appellee paid for said land and received a conveyance thereof as aforesaid, it was agreed between him and the appellant, that, as soon as the appellant should make him a reasonable payment on the purchase-price of said farm, agreed on between him and said Benedict, and secure the residue by notes bearing interest and secured by mortgage, he would convey the title of said land to the appellant, and that, until such payment was made, the appellee should hold such title as a security for the purchase-price of said land; that, notwithstanding his said agreement, the appellant failed and refused to pay any part of said purchase-money; that on the — day of ——, 18—, the appellee conveyed said real estate to one William I. Church, who afterward brought suit against the appellant to recover said land; that in said suit it was determined and adjudged, on due proceedings had, in and by a court of competent jurisdiction, that the deed which the appellant took from said Benedict did not vest him with an absolute title to the land, but that it was in the nature of a security for the unpaid purchase-money; that thereupon, the said Church having reconveyed to the appellee the said real estate, the appellee, on the 15th day of November, 1871, brought suit to foreclose his lien for purchase-money, against the appellant, and to recover the money so paid by him to said Benedict; that at the January term, 1873, of the said Elkhart Circuit Court, upon due proceedings had in said suit, the appellee recovered judgment against the appellant for the amount of said purchase-money so advanced by him, with interest thereon, which said judgment was, on appeal to the Supreme Court, reversed

for error in the record thereof; that a reasonable time for the payment of said money having elapsed, and the said purchase-money and interest, so due the appellee as aforesaid, remaining wholly unpaid, on the — day of October, 1875, the appellee tendered the appellant a deed of conveyance for said land, with full covenants of warranty, which deed he brought into court and offered to deliver to the appellant; that, at the same time, the appellee demanded of the appellant payment of the purchase-money so agreed to be paid to him, with the interest due thereon, requesting the appellant to make the payments to suit himself, securing them by his notes and mortgage on said land, or in any other way he might elect; that the appellant wholly refused to pay or secure the payment of said purchase-money to the appellee, and denied that he was in any manner liable to pay the same; that, notwithstanding the appellant claimed to be the owner of said real estate, and remained in the possession and enjoyment thereof, yet he failed, refused and neglected to pay the taxes thereon; that said land stood in appellee's name for taxation, and the taxes assessed thereon were charged against him, and to prevent the sale of his personal property therefor, and to protect his lien on said land for the payment of the money so owing to him by the appellant, the appellee was compelled to and did pay the taxes assessed thereon from 1864 to 1871, both inclusive, amounting in the aggregate to the sum of $256.69, and for the repayment of said taxes, with interest thereon, the appellee claimed that he was entitled to a lien on said land; that, prior to the commencement of this suit, the appellee demanded the repayment to him of said taxes, which the appellant refused; that there was due and owing to the appellee, from the appellant, on account of the purchase-price of said farm, and for taxes and interest accrued, the sum of four thousand dollars; and the appellee

made Mrs. Samuel Cole a party to this suit, to bar any right or interest which she has had, or might have, in and to said land, as the appellant's wife. The premises considered, the appellee prayed the court to ascertain the amount due him from the appellant, and to order and adjudge that the same be paid to him in such sums as shall be agreeable to equity and good conscience, and to order and adjudge that the said several sums of money, so to be paid as aforesaid, shall constitute an equitable lien on said land, and that, in default of the payment thereof, the equity of redemption of the appellant, and of his said wife, be forever barred and foreclosed, and that, upon default of payment of said sums, on such terms as the court may fix, the said real estate shall be sold to pay said debt, and for all other proper relief.

The second paragraph of the complaint states substantially the same cause of action against the appellant and his wife, as the one stated in the first paragraph; and the only material difference between the two paragraphs, so far as we have discovered, is, that the second paragraph omits the allegations in the first paragraph, in regard to the appellee's conveyance of the real estate in controversy to said William I. Church,—the suit of said Church for the recovery of said land and his failure therein, and his reconveyance of said land to the appellee,— and the first suit of the appellee against the appellant, his recovery of judgment therein, and the reversal of such judgment, on appeal to this court.

To the appellee's complaint, the appellant answered in twelve paragraphs, in each of which he stated affirmative matter, by way of defence. The appellee's demurrers to each of the second, third, fourth, fifth, seventh, eighth, ninth and eleventh paragraphs of said answer, for the want of sufficient facts therein respectively to constitute a defence to his action, were severally sustained by the court, and to

each of these decisions the appellant excepted. To the first, sixth, tenth and twelfth paragraphs of said answer, the appellee replied by a general denial.

The issues joined were tried by the court, and a finding was made for the appellee and against the appellant, on account of the purchase-money of the real estate in controversy, for the sum of three thousand six hundred and two dollars and ninety-five cents, and on account of the taxes paid by the appellee on said land for the further sum of two hundred and fifty-four dollars and sixty-five cents, making the total sum of three thousand eight hundred and fifty-seven dollars and sixty cents found due the appellee from the appellant. A motion by the appellant for a new trial having been overruled, and his exception entered to this ruling, the court rendered judgment on its finding, as prayed for in appellee's complaint, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned as errors, that neither paragraph of the appellee's complaint stated facts sufficient to constitute a cause of action, and further, that the circuit court erred in each of its decisions adverse to the appellant. Without stating in detail these several alleged errors, we will consider and decide the various questions arising thereunder, in the same order in which the appellant's learned counsel have presented and discussed the same, in their able and exhaustive brief of this cause.

The first point made by counsel, in argument, is, that the facts stated in the first paragraph of the appellee's complaint were not sufficient to constitute a cause of action in his favor and against the appellant. It will be observed, from our statement of this case, that the appellant did not question the sufficiency of the complaint, or of either paragraph thereof, in the circuit court, either by a demurrer for the want of facts, or by a

motion in arrest of judgment; but he has presented his objections to the sufficiency, not of the complaint, but of each paragraph thereof separately, for the first time, by his assignment of errors in this court. In section 54 of the practice act, it is provided that the objection to a complaint, that it does not state facts sufficient to constitute a cause of action, is not waived by the defendant's failure to demur thereto; and, therefore, this objection may be assigned as error, for the first time, on appeal, in this court. Such an assignment of error, however, under the decisions of this court, calls in question the sufficiency of the complaint, as an entirety, and not of each separate paragraph thereof. *Miller* v. *Billingsly*, 41 Ind. 489; and *Caress* v. *Foster*, 62 Ind. 145. ·

In the case at bar, the appellant separately assigned as error, as to each of the paragraphs of the complaint, that it did not state facts sufficient to constitute a cause of action. This assignment of error is informal, but, as it applies to each and both of the paragraphs of the complaint, it is fairly equivalent, we think, to an assignment that the complaint itself, as an entirety, did not state sufficient facts to constitute a cause of action. The errors assigned as to the insufficiency of the several paragraphs of the complaint will not be available for the reversal of the judgment below, if either one of the paragraphs has stated facts sufficient to constitute a cause of action. This view of the effect of these alleged errors, we think, is fully sustained by the decisions of this court.

With this prefatory statement in regard to what we consider as the legal effect of the appellant's assignments, in this court, as errors, of the insufficiency of the facts in each of the two paragraphs of the complaint to constitute a cause of action, we proceed now to the consideration of the objections urged by his counsel to the first of said paragraphs. It is insisted by the appellant's

counsel, that the first paragraph of the appellee's complaint was bad, because it "affirmatively appears" therein, as counsel say, that the appellee's cause of action "was within the statute of limitations, and that none of the exceptions in the statute existed." We have given a full summary of the facts alleged in the first paragraph of the complaint, and almost in the exact language used therein; and it will be readily seen therefrom, as it seems to us, that the appellant's counsel have widely mistaken, misapprehended or misconstrued the force and effect of the averments of said paragraph. It certainly did not appear from any of the allegations of the first paragraph of the complaint, that the money, for the recovery of which the appellee sued in this action, had become due and payable until he, as alleged, on the — day of October, 1875, tendered the appellant a deed of conveyance of the real estate described in said paragraph, and, at the same time, demanded payment of the money sued for. It was clearly averred in said paragraph, that the money owing by the appellant, and sued for therein, was not made payable at any fixed or certain time, and, therefore, it was payable only on demand. Where money is payable on demand, it will not become due until payment is demanded, and until it is due an action will not lie for its recovery. The statute of limitations will not begin to run until the cause of action has accrued; and the law is settled that, where an action can not be maintained until a demand has been made, the statute will not commence to run before such demand is made. *Atherton* v. *Williams*, 19 Ind. 105 ; *Lynch* v. *Jennings*, 43 Ind. 276.

In this case, therefore, the cause of action stated in the first paragraph of appellee's complaint, upon the facts set forth therein, did not accrue until, on the — day of October, 1875, he tendered the appellant a deed and demanded payment of the money sued for. It appears from the

record that this action was commenced by the appellee on the 3d day of January, 1876, or about three months after his said cause of action had accrued in the manner aforesaid; and, therefore, it does not appear that his cause of action was within the statute of limitations. In the case of *Cole* v. *Wright*, 50 Ind. 296, which was a former suit between the parties to the record of the cause now before us, growing out of the same transactions stated and set forth in said first paragraph of the complaint, it was expressly decided by this court, that the appellee could not bring an action for the recovery of the money sued for, without having executed, or offered to execute, to the appellant a conveyance of the real estate described in said paragraph. Certainly, the statute of limitations would not operate against the appellee's cause of action, until he could bring and maintain a suit therefor in the proper tribunal. Angell on Limitations, sec. 42.

The appellant's counsel also object, in argument, to the sufficiency of the facts stated in the first paragraph of the complaint to constitute a cause of action, upon another ground. A copy of the deed from Alvah Benedict to the appellee, mentioned in said paragraph, was filed therewith; and counsel say that this copy showed affirmatively, that the deed was "void as to the appellant, because it was executed in the State of New York and was acknowledged before a commissioner of deeds, and no seal was attached to the acknowledgment." This objection is not well taken. The deed was not void as to the appellant, because of the facts stated. A deed is valid without any acknowledgment, as to the parties thereto; and, as to other parties who have notice or knowledge of its execution, it is certainly not void merely for the want of its acknowledgment, or because of a defective certificate of acknowledgment. *Hubble* v. *Wright*, 23 Ind. 322. In this case it was alleged in the first paragraph of the complaint, that the

deed from Benedict to the appellee was executed at the appellant's request, and upon his agreement that he would thereafter pay the appellee the purchase-money for the land described in said deed. It is clear, therefore, that the appellant had full knowledge of the execution and existence of said deed.

The copy of the deed from Benedict to the appellee, filed with the first paragraph of the complaint, is apparently a copy of the record of said deed, as the same was recorded in the recorder's office of Elkhart county. The deed was acknowledged by Benedict, as the copy showed, before a commissioner of deeds in the State of New York; and the copy failed to show that the commissioner had affixed his official seal to his certificate of the acknowledgment of said deed. It is claimed by the appellant's counsel, as we understand their objection, that, as no official seal was attached to the acknowledgment, the deed was not legally admitted to record in the recorder's office of said county, and that the copy of such illegal record of said deed was void as to the appellant. It is a sufficient answer, we think, to this view of the objection of counsel to the validity of said deed and the record thereof, to say that the Legislature of this State, by an act approved March 4th, 1875, expressly legalized such acknowledgment of said deed, and the record thereof, and the same were "declared to be valid and effectual to all intents and purposes." Acts 1875, Reg. Sess., p. 61; *Steeple* v. *Downing,* 60 Ind. 478.

We are of the opinion, therefore, that the first paragraph of the complaint stated facts sufficient to constitute a cause of action ; and, having reached this conclusion, we need not consider the sufficiency of the facts stated in the second paragraph of the complaint. For the errors assigned by the appellant in this court, as we have already said, question the sufficiency of the entire complaint, and not of each separate paragraph thereof; and, if either

paragraph is sufficient, the complaint must be held good, whether the facts stated in the other paragraph were or were not sufficient to constitute a cause of action.

It is claimed by the appellant's counsel, that the court erred in sustaining a demurrer to the second paragraph of the answer. In this paragraph, for a defence to so much of the complaint as claimed a lien upon the land described therein by virtue of the deed executed by Benedict to the appellee, or by virtue of the alleged payment of money by the appellee to Benedict, the appellant averred, that, at the time such deed was so executed, the said land was of the value of six thousand dollars, and the debt then owing to said Benedict was but $2,300, which the appellee agreed to pay for the appellant; and the said deed was so taken and received by the appellee, with intent thereby to obtain the absolute title and ownership of said land to himself, in violation of said agreement, and to cheat and defraud the appellant; and he denied that there was ever any agreement or understanding whatever between them, that the appellee should take or hold such deed and the title to said land in his own name, for any purpose whatever, and he denied that he ever requested the appellee to purchase said Benedict's right and interest in said land. Wherefore, etc.

It is certain, we think, that no error was committed by the court in sustaining the appellee's demurrer to this paragraph of answer; for it is very evident that the paragraph is imperfect and incomplete in its allegations of fact. The appellant alleged, in said paragraph, that the act of the appellee, in taking and receiving from Benedict a deed to himself of the land in controversy, was in violation of some agreement, but of what agreement, or what its terms and conditions were, he did not allege. The only agreement of the appellee, mentioned in said paragraph of answer, was

his alleged agreement to pay for the appellant the sum of money then owing by him to said Benedict; and, surely, the appellee's act in taking and receiving such deed from Benedict was not in violation of this agreement. It seems to us, that the facts alleged in this second paragraph of answer were wholly insufficient to constitute a valid defence to the cause of action stated and set forth in appellee's complaint.

Appellant's counsel also insist, in argument, that the court erred in sustaining the appellee's demurrers, for the want of facts, to the fourth, fifth and ninth paragraphs of answer. These paragraphs of the answer, and the rulings of the court thereon, and the questions thereby presented for our decision, are discussed together by counsel for both parties, and we will consider them in the same manner. In each of these paragraphs, the appellant stated facts, by way of defence, to so much only of the appellee's complaint as claimed a lien upon the land described therein. Thus, in the fourth paragraph, it was alleged, that, long before the commencement of this action, and before any default on the part of the appellant, the appellee " voluntarily abandoned, and gave up and surrendered his said alleged lien upon said land, and all claim of a lien thereon, arising out of or by reason of such deed or payment, so alleged in said complaint." In the fifth paragraph the appellant averred, that the appellee claimed to be the absolute owner of the land under his deed from Benedict, and sold the same for five thousand dollars to one Church, and received payment therefor, with the intent to cheat and defraud the appellant; that the deed from Church, reconveying the land to the appellee, was champertous and void, because the appellant was at the time in the possession of and claiming title to said land; and so the appellant said that " said pretended lien, if any ever existed, became and was wholly extinguished and lost."

And, in the ninth paragraph of his answer, the appellant alleged, that, long after all the items of alleged indebtedness, set forth in the complaint, had accrued to the appellee, he repudiated the said alleged contract, and wholly abandoned all claim to the said alleged indebtedness, and before and without any default on the appellant's part, and upon his offer to pay the appellee the sum of five hundred dollars upon said contract and indebtedness, and his tender of the money, the appellee wholly refused to receive the said money, or any money whatever, upon the ground that no such contract or indebtedness existed between them or had ever existed, and that he, the appellee, bought the land of Benedict with his own money and for himself, and that he had sold it, as he had the right to do, to said William I. Church.

In considering the sufficiency of each of these paragraphs of the appellant's answer, it must be borne in mind that the appellee occupied precisely the same position, in relation to the appellant and the land in controversy, that Benedict would have done, if he had not conveyed such land to the appellee. This point was expressly decided by this court in the former suit between the appellee and the appellant, in relation to the same land, and founded on substantially the same facts, and, therefore, it must be regarded as the law of this case. *Cole v. Wright, supra.* Under and by virtue of Benedict's deed to him, the appellee became vested with the absolute title to the land, subject only to the appellant's equitable interest therein, under his contract with Benedict for the purchase thereof. In other words, upon and after the execution of said deed to him, the appellee occupied the position which Benedict had theretofore occupied under said contract, and sustained toward the appellant the relation of a vendor to his vendee. The appellant could enforce his said contract of purchase against the appellee, in the same manner and upon the

same terms as he might have done against Benedict, if such deed had not been executed; and, on the other hand, the appellee could enforce such contract against the appellant, precisely as Benedict might have done, if he had remained the owner of the land. In legal effect, under and by force of his deed from Benedict, the appellee became the absolute owner in fee-simple of the land, and the vendor, in a parol contract for the sale thereof, to the appellant as his vendee. This was the case made by the appellee, in his complaint against the appellant.

In each of the fourth, fifth and ninth paragraphs of his answer, the substance of which we have given, the appellant has evidently proceeded upon the theory, that Benedict and his grantee, the appellee, had retained a mere naked lien upon the land as a security for the unpaid purchase-money thereof, for the recovery of which this action was brought. It is evident, however, from the allegations of the complaint, that the land itself and the absolute title thereto, and not a mere lien thereon, were reserved by Benedict and by him conveyed to and held by the appellee, as a security for the purchase-money owing by the appellant and unpaid, under his contract of purchase. Here lie the defects, as it seems to us, in each of the paragraphs, now under consideration, of the appellant's answer: they do not meet, and are not responsive to, the case made by the appellee's complaint. It is said in argument, by the appellant's counsel, that these paragraphs of answer were intended to defeat the lien created by the deed from Benedict to the appellee. But, under the allegations of the complaint, Benedict's deed to the appellee did not create a lien on the land; it conveyed the land itself, in fee-simple, to the appellee, subject to the equitable interest of the appellant therein, under his parol contract of purchase. This suit was commenced by the appellee, as the grantee of Benedict, to enforce the specific perform-

ance of the appellant's contract of purchase; and to such a suit, for such a purpose, it surely was no defence, by or on behalf of the appellant, to say that the appellee had voluntarily abandoned and surrendered his lien on the land, or that by reason of the conveyance of his land to Church, and the latter's conveyance thereof back to the appellee, the lien on the land was extinguished and lost, or that, before the commencement of this suit, the appellee had mistaken his rights and remedy, and, repudiating the appellant's contract of purchase, had claimed to be, as he was, the owner of such land, and to have the right to sell the same, at his pleasure.

For the reasons given, we are clearly of the opinion, that the court did not err in sustaining the appellee's demurrers to either the fourth, fifth or ninth paragraphs of the appellant's answer.

The appellant alleged, in substance, in the seventh paragraph of his answer, by way of defence to the second paragraph of the complaint, "that the several causes of action and each of them, and each and every item of indebtedness, in the said second paragraph of complaint mentioned and alleged, did not accrue to the plaintiff, nor to said Benedict, within six years next preceding the beginning of this action. Wherefore," etc.

In the second paragraph of his complaint, the appellee sued the appellant, as we have seen, to enforce the specific performance by him of his parol contract for the purchase of the land in controversy, from Benedict, before the latter conveyed such land to the appellee. By the terms of said contract of purchase, as stated in said paragraph of complaint, no time was fixed for the payment of the purchase-money, and, therefore, it was payable on demand. It was alleged, in said paragraph, that on the — day of October, 1875, the appellee tendered the appellant a deed of such land, under the terms of said

contract, and demanded payment of the unpaid purchase-money, which was by him refused. The money sued for, therefore, did not become due under the allegations of the second paragraph of the complaint, until in October, 1875; and the record of this cause shows that the suit was commenced on the 3d day of January, 1876, or about three months only after the appellee's cause of action, as stated in said paragraph, had accrued. We have set out the substance of the seventh paragraph of the answer, and it will be seen therefrom, that the appellant did not controvert therein, but virtually admitted, any and all of the facts alleged in the second paragraph of the appellee's complaint. It seems to us, therefore, that the seventh paragraph of the answer was clearly insufficient, on the appellee's demurrer thereto for the want of facts, in this, that it did not controvert any of the facts alleged in the second paragraph of the complaint. *Nicholson* v. *Caress*, 59 Ind. 39; *Caress* v. *Foster*, 62 Ind. 145; *Albert* v. *The State, ex rel.*, 65 Ind. 413; *Earle* v. *Peterson*, 67 Ind. 503.

In the eighth paragraph of his answer, the appellant alleged, in substance, that the money so paid to said Benedict by the appellee was so paid under and by virtue of a special agreement between the appellee and the appellant, and that, by the terms of such agreement, the said money was not to be paid, and the said agreement was not to be performed, within one year from the time of the making thereof, and the same was not in writing, nor any memorandum thereof signed by the appellant or by any one thereunto by him authorized. Wherefore the appellant said that the appellee ought not to recover, etc.

It is manifest, from the allegations of this paragraph of his answer, that the appellant therein intended to rely upon the provisions of the fifth clause of the 1st section of the statute of frauds, as a defence to this

action. This fifth clause of section 1 of the statute of frauds, in effect, provides that no action shall be brought "upon any agreement that is not to be performed within one year from the making thereof, unless the * * * agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." 1 R. S. 1876, pp. 503 and 504. The agreement between the appellee and the appellant, counted upon by the appellee in each paragraph of his complaint, as we have seen, was an agreement for the sale of real estate; and it is settled law, that the fifth clause of the 1st section of the statute of frauds is not applicable to an agreement in relation to real estate. *Fall* v. *Hazelrigg*, 45 Ind. 576, and cases cited; and *Baynes* v. *Chastain*, 68 Ind. 376. It follows clearly, therefore, as it seems to us, that the court committed no error in sustaining the appellee's demurrer to the eighth paragraph of answer.

The appellant filed the eleventh paragraph of his answer for a "partial defence and by way of counter-claim." In this paragraph of answer, the appellant did not controvert any of the facts stated by the appellee in either paragraph of his complaint; and, therefore, all those facts are virtually admitted to be true. It was alleged in this eleventh paragraph of answer, that, after Benedict's conveyance of the land to the appellee, the latter claimed that, under his deed, he was the absolute owner of such land; and that, as such owner, he sold and conveyed the land to said William I. Church for the sum of $5,500, and agreed to put him in the possession thereof; that, at the appellee's instance, the said Church brought and prosecuted a suit against the appellant for the recovery of said land; that, in defending said suit, the appellant was put to great cost and expense, and suffered heavy damages by reason of said suit; and

that the commencement and prosecution of said suit by the appellee, in the name of said Church, were fraudulent, wilful and malicious on the part of the appellee, and without any probable cause, he well knowing at the time that he had no absolute title in fee-simple to said land, under his said deed from Benedict. Wherefore the appellant said, that, by means of the premises, he had been damaged in the sum of three thousand dollars, etc.

We are clearly of the opinion, that the court did not err in sustaining the appellee's demurrer to this paragraph of answer or counter-claim. The suit was brought to enforce the specific performance of Benedict's contract for the sale of the land to the appellant; in which contract the appellee had, at the appellant's request, assumed the position theretofore occupied by Benedict, and had become the owner in fee-simple of the land, subject to the appellant's equitable interest therein, under his contract of purchase. This was the appellee's cause of action, as stated in his complaint; and it is certain, we think, that the facts alleged by the appellant in the eleventh paragraph of his answer, by way of counter-claim, did not arise out of, nor were they connected with, the appellee's said cause of action. It follows, therefore, that the facts alleged in said eleventh paragraph did not bring it within the statutory definition of a counter-claim, and, for this reason, the demurrer thereto was correctly sustained. 2 R. S. 1876, p. 63, sec. 59 ; *Slayback* v. *Jones*, 9 Ind. 470.

It is claimed by the appellant's counsel, that the court erred in overruling the motion for a new trial. In this motion the following causes were assigned by the appellant for such new trial :

1. Errors of law, occurring at the trial and excepted to, in this :

In admitting in evidence the record of Benedict's deed to the appellee ; and in this :

In permitting the appellee to read in evidence the tax receipts, executed to him by the treasurer of Elkhart county; and in this:

In allowing the appellee to introduce in evidence the deed to him from William I. Church;

2. That the finding of the court was not sustained by sufficient evidence, and was contrary to law; and,

3. For error in the assessment of the amount of recovery, the same being too large.

When the appellee offered in evidence, on the trial of this cause, the record of his deed from Benedict and his wife, the appellant objected thereto on the ground, as shown by the bill of exceptions, " that the same was incompetent and irrelevant, and did not tend to support the issues on behalf of the plaintiff." In this court, the only objection to the admissibility of the record of the deed in evidence, urged by the appellant's counsel, is that the deed, having been executed in the State of New York and having been acknowledged before an officer who apparently had no official seal, was not duly and legally recorded, and that, for this reason, the record of such deed was not competent evidence. The record of this cause wholly fails to show that this objection to the competency of the record of the deed, as evidence, was made by the appellant in the court below; and, therefore, it might well be said that such objection could not be made for the first time in this court. Aside from this, however, we are clearly of the opinion that this objection to the admissibility of the record of the deed in evidence was and is entirely obviated and cured by the provisions of the legalizing act of March 4th, 1875, before referred to. The court did not err, we think, in admitting in evidence, over the appellant's objections, the record of Benedict's deed to the appellee. *Steeple* v. *Downing, supra.*

Certain tax receipts were offered by the appellee, and,

over the appellant's objections, were admitted in evidence. The bill of exceptions shows that these receipts were objected to by the appellant upon the ground that they "were not admissible as evidence against him, and that the payment of the taxes by said plaintiff was shown by the testimony to be a mere voluntary payment, for which he could not recover." The first of these grounds of objection amounted simply to this, that the tax receipts were not admissible in evidence, because they were not admissible. Of course, such an objection presented no question for the decision either of the circuit court, or of this court; for it failed to indicate the grounds of the objection. Nor do we think that the fact, if it were the fact, that the appellee had voluntarily paid the taxes which were a lien upon the land, whereto he held the legal title as a security for the payment of the purchase-money thereof, constituted any valid or sufficient objection to the admissibility of the tax receipts in evidence. Under the law, these taxes were a lien upon the land, entitled to priority over the appellee's claim thereon as such security; and it seems to us that the appellee had the right, and that the appellant can not complain of the exercise of such right, to voluntarily pay such taxes and hold the land liable for the repayment thereof, rather than to suffer such land to become encumbered with the penalty, damages, interest and costs, necessarily incident, under the law, to delinquency of such taxes. We are of the opinion, therefore, that the tax receipts in question were properly admitted in evidence, notwithstanding the appellant's objections thereto.

On the trial of the cause, the appellant gave in evidence the appellee's deed to William I. Church, mentioned in the first paragraph of the appellee's complaint, and, in rebuttal, the reconveyance of the land by said Church to the appellee was offered and admitted in evidence, over the appellant's objections. The only ground upon which

the appellant objected to the admissibility in evidence of Church's deed to the appellee, as shown by the bill of exceptions, was, that the appellant, at the date of said deed, was in the possession of the land thereby conveyed. It was not claimed or shown by the appellant, that his possession of the land was adverse to the title either of said Church or of the appellee, to the land in question. On the contrary, we think that the record of this cause abundantly shows that the appellant's possession of the land, under his contract of purchase, was not hostile or adverse, but entirely subordinate, to the title of both Church and the appellee to such land, under their respective deeds. It follows, therefore, that no error was committed by the court, in our opinion, in allowing the appellee to introduce in evidence the deed to him from William I. Church.

In conclusion, we must say that it appears to us, from a careful examination of the record now before us, " that the merits of the cause have been fairly tried and determined in the court below." In such a case, the statute forbids that " any judgment be stayed or reversed, in whole or in part." 2 R. S. 1876, p. 246, sec. 580.

The judgment is affirmed, at the appellant's costs.

WORDEN, J., does not agree that the demurrer to the seventh paragraph of the appellant's answer to the second paragraph of the complaint was properly sustained.